## KECK INV. CO. v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 7544.

Circuit Court of Appeals, Ninth Circuit.

May 6, 1935.

Thomas R. Dempsey and A. Calder Mackay, both of Los Angeles, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, F. E. Youngman, and Andrew D. Sharpe, Jr., Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

GARRECHT, Circuit Judge.

This petition involves a deficiency in federal income taxes in the amount of $19,805.-58, determined against the petitioner for the calendar year 1923.

Petitioner was incorporated on November 17, 1922, under the laws of the state of California. On that date, in consideration of the issuance of 19,997 shares of its capital stock to William M. Keck and Alice B. Keck and the assumption by it of liabilities in the sum of $455,000, it acquired the following described property, which was entered in petitioner's books at the value stated, to wit:

| | |
|---|---|
| 625,000 shares of the capital stock of Superior Oil Company | $ 625,000.00 |
| 5,000 shares of the capital stock of Star Petroleum Company | 70,000.00 |
| 999,980 shares of the capital stock of Keck Drilling Corporation | 500,000.00 |
| 321,275 shares of the par value of $1.00 each of the capital stock of Miley-Keck Oil Company | 1,285,100.00 |
| | $2,480,100.00 |

Petitioner at the same time acquired from Mr. and Mrs. Keck notes receivable in the sum of $150,000, and also $300, in cash, for which it issued three additional shares of its capital stock. The 19,997 shares of stock were issued in equal proportions to William M. Keck and Alice B. Keck.

As indicated, petitioner listed on its books the value of 321,275 shares of the capital stock of the Miley-Keck Company at $1,285,100, which petitioner now asserts was at the time of acquiring said stock of the value of $1,535,694.50.

In July, 1923, the petitioner exchanged these 321,275 shares of the stock of the Miley-Keck Oil Company for capital stock of the Pacific Oil Company, having a realizable market value of $1,285,100. This Pacific Oil Company stock so received by petitioner was likewise entered upon its books at $1,285,100, thus no gain or loss upon the exchange was reflected on petitioner's books. Petitioner

*Rehearing denied Aug. 19, 1935.

claims that the Miley-Keck Oil Company stock at the time it was acquired was of the fair market value of $1,535,694.50, and insists that it sustained a deductible loss during the year 1923 on account of the exchange of this stock for the stock of the Pacific Oil Company in the sum of $250,594.50.

The questions presented are: (a) Whether petitioner sustained a deductible loss of $250,594.50 in 1923 upon the exchange of stock as claimed; (b) whether petitioner was formed or availed of for the purpose of preventing the imposition of the surtax upon its stockholders, rendering it liable for the year 1923 for the additional tax imposed by section 220 of the Revenue Act of 1921; (c) if so, whether said section 220 is unconstitutional.

■ William M. Keck, president of petitioner, and president and manager of the Superior Oil Company and director and manager of the Miley-Keck Oil Company, testified that in his opinion the fair market value of the Miley-Keck Oil Company stock on November 17, 1922, the date acquired by petitioner, was at least $5 per share. John R. Roberts, an engineer revenue agent, who had been employed by the government since 1925, made a valuation report dated October 12, 1927, determining the fair market value on November 17, 1922, of certain leasehold interests owned by the Miley-Keck Oil Company at $5,141,670.91. Petitioner asserts that these witnesses were not contradicted, and that the Board of Tax Appeals was bound by the testimony, but this evidence was not sufficient to overcome the presumptions arising from the statements entered on the taxpayer's books of account, besides being otherwise unsatisfactory. In his cross-examination Keck admitted that he was giving his "present opinion of the then value of the stock." This valuation is discredited by the fact that the very offer made by Keck in the initial transaction states the value of the capital stock of the Miley-Keck Oil Company to be $1,285,000, which, according to the offer, was the price paid. As this valuation was consistently carried on the books of the petitioner at all times thereafter, there were no good grounds for the Board of Tax Appeals to change the figures thus arrived at by the interested party. As to the testimony of the Internal Revenue agent, the report he made in 1927, which was many years after the date of the acquisition of the stock in question, was itself introduced into evidence. We quote a portion thereof:

"This item of $5,141,670.91 is solely the value of the oil in the ground on the basic date and does not include other assets which are as per books less depreciation and other deductions sustained to basic date.

"The total net worth can only be determined as per books and by giving effect to the above value. The books are not available to this Engineer."

Further, the Board of Tax Appeals found the petitioner's books of account do not show that it sustained any loss in respect of the exchange transaction. The Commissioner was not bound to accept the retroactive testimony of these witnesses. J. C. Blair Co. v. Commissioner, 34 F.(2d) 861, 863 (C. C. A. 3).

■ The Board is only required to give such weight to the testimony as it seems to merit. The most that courts can do is to correct obvious abuses. We cannot say that the court was wrong in fixing the values. Patterson v. Commissioner, 42 F.(2d) 148 (C. C. A. 2).

The Board of Tax Appeals found that the petitioner was organized as a holding company for the purpose of holding certain of the investments of William M. Keck and Alice B. Keck, who were the owners of practically all of its stock. It was also found that had the Keck Investment Company not been formed these two principal stockholders would have been liable for surtax not only upon the net income shown upon its income tax return for 1923, but also for income tax upon $146,966.44 of dividends from domestic corporations. The Board found that the corporation was availed of for the purpose of preventing the imposition of the surtax upon its stockholders, and held that this case came within section 220 of the Revenue Act of 1921 (42 Stat. 247).

■ While these statements by the Board of Tax Appeals appear in the opinion, it has been repeatedly held that the written opinion may perform the function of a finding of fact. See Emerald Oil Co. v. Commissioner, 72 F.(2d) 681 (C. C. A. 10), and the cases cited therein at page 683.

■ Petitioner further insists that said section 220 of the Revenue Act of 1921 is unconstitutional and void. The constitutionality of this statute has heretofore been upheld in United Business Corp. v. Commissioner, 62 F.(2d) 754 (C. C. A. 2); also by

the Court of Claims in Williams Investment Co. v. U. S., 3 F. Supp. 225, where the validity of a corresponding provision of the Revenue Acts of 1924 and of 1926 (section 220, 26 USCA § 961 note) was attacked in each instance as being unconstitutional.

The decision of the Board of Tax Appeals is affirmed.