## ADLER v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### No. 7699.

Circuit Court of Appeals, Fifth Circuit.

May 22, 1935.

John W. Townsend, of Washington, D. C., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Arnold Raum, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and John H. Pigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

In January, 1927, petitioners Leopold Adler and his wife, principal stockholders of I. Epstein & Bro. Co., received $50,000 and $47,500, respectively, as their shares of a distribution made upon the redemption of a part of the preferred stock of that company, which was issued in 1924 as a 100 per cent. dividend upon common stock and made redeemable after two years. In their income tax returns for 1927 they accounted for the amounts so received as capital net gain; but the Commissioner determined that the redemption of the preferred stock was the essential equivalent of a distribution of a taxable dividend within the meaning of the Revenue Act of 1926, § 201 (g), 26 USCA § 932 (g), and, applying the rate of taxation proper for that section, made additional assessments which were upheld by the Board of Tax Appeals. 30 B. T. A. 897.

In April, 1926, I. Epstein & Bro. Co. by resolution authorized the redemption of half the preferred stock issued two years before, and during that year redeemed half of such of it as was held by the minority stockholders; but when the resolution was adopted the corporation did not have on hand sufficient funds with which to pay petitioners also for half of their preferred stock, and they actually received payment in 1927 as shown by their income tax returns. The Commissioner's notice of deficiency was dated June 28, 1930. Petitioners filed their original petitions before the Board in August of that year, and contended not at all that the taxes were assessed for the wrong year, but only that they were not assessable as taxable dividends under 26 USCA § 932 (g); but by amendments filed in March, 1934, they took the position for the first time that the income taxes involved were assessable in 1926 upon the passage of the resolution authorizing the redemption of preferred stock, and not in 1927 when part of the preferred stock held by them was actually redeemed. They now concede the correctness of the Commissioner's determination that their preferred stock was taxable to them as ordinary dividends, and the only contention they make here is that the dividends should have been taxed for the year 1926 instead of 1927. The Commissioner determined the deficiencies as though the petitioners were on the cash basis, and

734

we assume they were, since they offered no evidence to prove otherwise. There was no evidence that funds were available to redeem the preferred stock held by petitioners in accordance with the resolution at any time during 1926, and the Board found that sufficient funds for this purpose were not in fact borrowed, assuming they could have been.

In this state of the record we would not be justified in holding that dividends on the stock held by petitioners were unqualifiedly made subject in 1926 to their demand. Besides, petitioners, in our opinion, are estopped to contend that the additional assessments should have been made in 1926. They themselves included the amounts involved in their income tax returns for 1927, and before the Commissioner and the Board treated 1927 as the taxable year until after the statute of limitations had run on their income taxes for the previous year. 26 USCA § 1057 and note. If in their original petitions they had urged the contention they now make, the Commissioner would have had an opportunity to redetermine the assessments at a time when it might have been immaterial to the government whether the taxes were assessed for one year or the other. Under these circumstances petitioners ought not now to be heard to deny that the income taxes involved were assessable in 1927. They are in no position to take advantage of the fact that the Commissioner, taking them at their word, allowed the statute of limitations to run on their income taxes for 1926. Edward G. Swartz, Inc., v. Commissioner (C. C. A.) 69 F.(2d) 633.

The petitions for review are denied.

KENNEDY, District Judge, dissenting.