## A. D. SAENGER, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8023.

Circuit Court of Appeals, Fifth Circuit.

June 8, 1936.

Sidney L. Herold, of Shreveport, La., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and S. Dee Hanson, Sp. Assts. to Atty. Gen., and Herman Oliphant, Gen. Counsel, Department of Treasury, and De Witt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The Commissioner, affirmed by the Board of Tax Appeals, assessed on the 1929 income of the taxpayer, A. D. Saenger, Inc., the 50 per cent. extra tax imposed by section 104 of the Revenue Act of 1928 (26 U.S.C.A. § 104 note) on corporations formed or availed of for the purpose of preventing the imposition

of surtax on their shareholders. A. D. Saenger and J. H. Saenger were brothers who on March 1, 1927, sold all their assets and business to a corporation, A. & J., Inc., for equal parts of its capital stock of $1,500,000. In February, 1929, that corporation declared a dividend of $150,000, and paid it. On August 7, 1929, each of the brothers created a corporation owned wholly by himself to take over and hold his half of the stock of A. & J., Inc. The taxpayer corporation is that owned by A. D. Saenger. On October 31, 1929, A. & J., Inc., declared another dividend of $262,500, and appropriated that sum to pay it, and directed notices to stockholders of it, and that it be put to their several credits to be drawn out as the stockholders desired. Accordingly, $131,250 was put to the credit of taxpayer on the books of A. & J., Inc., and was charged to that company on the books of taxpayer. Thus by mutual consent it became a debt owing to taxpayer. Only $22,204 of it was paid over in cash during 1929. A. D. Saenger got approximately that sum from taxpayer, giving his note for it. Taxpayer, though on a cash receipts basis, returned as income for 1929 the whole $131,250 and showed a net income of $131,616. Taxpayer continued to function during 1930 and 1931, but never declared a dividend, though A. D. Saenger took from it as loans sums that finally came to about $378,000. The three family corporations were merged into one in 1933. The market crash·in October and November, 1929, greatly reduced the market value of stocks held by A. & J., Inc., and impaired the value of the stock of A. & J., Inc., held by taxpayer A. D. Saenger, Inc., but no losses appear to have been realized by sales. Neither company had much cash on hand, but the stocks held by A. & J., Inc., even at their reduced values could have been easily sold for enough to pay all liabilities, including the declared dividend, without greatly impairing the capital stock. A. D. Saenger, Inc., appears to have borrowed some $90,000 during the fall of 1929, and invested it in stocks.

The Board's finding of fact that A. D. Saenger, Inc., was both formed and availed of by A. D. Saenger for the purpose of preventing the imposition of surtaxes upon him is supported by evidence. Had he not formed it, but himself received the second dividend of A. & J., Inc., his surtaxes on it would, as stated by the Board, have been $34,290. As things were managed this corporation wholly owned by him declared no dividends itself, but passed to him in the shape of loans the cash coming from the dividends of A. & J., Inc. The reason for its organization put forward by him that he had a minor daughter whose interest in his estate in case of his death might derange the operations of A. & J., Inc., seems to us, as it did to the ·Board, rather flimsy. It is argued that the taxpayer corporation should not have declared any dividend in 1929 because the shrinkage in value of its capital assets prevented its having any "gains and profits" within the meaning of section 104 of the Revenue Act of 1928. But the act does not impose the 50 .per cent. additional income tax on corporations which in fact have gains and profits in the tax year and do not distribute them, but upon any corporation "formed or availed of for the purpose of preventing the imposition of surtax upon its stockholders through· the medium of permitting its gains and profits to accumulate instead of being divided or distributed." A corporation formed for the stated purpose or availed of in any tax year for that purpose is subject to the peculiar tax whether or not the purpose be successfully executed. The legislative aim no doubt was to discourage the attempt thus to misuse a corporation as well as to neutralize success. Of course if the corporation fails to have gains and profits to the extent that there is no net income, the tax fails. But the purpose with which the corporation is formed or used determines whether it is within the class thus peculiarly taxed. Being in position to declare dividends and not declaring them is only evidentiary. The evidence here supports the finding that A. D. Saenger, Inc., was in the specially taxed class. See United Business Corporation v. Commissioner (C.C.A.) 62 F. (2d) 754.

■ Since taxpayer was upon a cash receipts basis it is said that the dividend of $131,250 was not income for 1929 except as to the $22,204 cash paid that year, and that the Board erred in holding that the whole was constructively received. By Treasury Regulations going back to 1918, dividends are to be considered received by a stockholder though he be on a basis of cash receipts when they are unqualifiedly made subject to his demand. Avery

v. Commissioner, 292 U.S. 210, 54 S.Ct. 674, 78 L.Ed. 1216; Loose v. United States (C.C.A.) 74 F.(2d) 147. If the stockholder does not draw them it is as though he had money on deposit in a bank. He cannot postpone his income taxes by leaving his dividend with his corporation. That A. & J., Inc., did not carry cash on hand sufficient to pay what it had unreservedly put to the credit of A. D. Saenger, Inc., is unimportant. It could on demand have borrowed it or raised it by sale of some of its investments. No case of refusal to pay appears. Indeed, since the taxpayer returned the whole $131,250 as income received in 1929, and presumably did not return it in 1930, it is not in good position now to deny its receipt in 1929. Compare Adler v. Commissioner (C.C.A.) 77 F.(2d) 733. The decision of the Board of Tax Appeals is affirmed.