**COMMISSIONER OF INTERNAL REVENUE v. CECIL B. DE MILLE PRODUCTIONS, Inc.**

No. 8144.

Circuit Court of Appeals, Ninth Circuit.

April 16, 1937.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Thurman Arnold, and Carlton Fox, Sp. Assts. to Atty. Gen., and James D. Head and Charles E. Lowery, Sp. Attys., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Neil S. McCarthy and A. Calder Mackay, both of Los Angeles, Cal. (Thomas R. Dempsey, Earl L. Banta, and Howard W. Reynolds, all of Los Angeles, Cal., of counsel), for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Petitioner has petitioned this court to review a decision of the Board of Tax Appeals determining that respondent was not liable for a deficiency in its tax re-

turns for the years 1924 to 1929, inclusive.

Extended statement of facts is unnecessary. Cecil B. De Mille in 1913 joined three other men in organizing Lasky Feature Play Company. After formation the duty of Cecil B. De Mille was to produce pictures. The company prospered and later merged with other picture concerns to form Famous Players-Lasky Corporation. With the latter company De Mille's duties, generally, were the direction and production of pictures. Friction arose in the organization and De Mille in 1920 formed a partnership consisting of himself and three others. The partnership made pictures, and the earnings of the firm were used in making investments.

In 1922 the members of the firm organized a corporation, respondent herein, and conveyed the assets of the partnership to it in return for stock in respondent. The earnings of respondent were allowed to accumulate, as the Board stated "so that the company might be able to produce its own pictures."

The Revenue Act of 1924 (43 Stat. 277) provides:

"Sec. 220. (a) If any corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed, there shall be levied, collected, and paid for each taxable year upon the net income of such corporation a tax equal to 50 per centum of the amount thereof, which shall be in addition to the tax imposed by section 230 of this title and shall (except as provided in subdivision (d) of this section) be computed, collected, and paid upon the same basis and in the same manner and subject to the same provisions of law, including penalties, as that tax.

"(b) The fact that any corporation is a mere holding or investment company, or that the gains or profits are permitted to accumulate beyond the reasonable needs of the business, shall be prima facie evidence of a purpose to escape the surtax."

The Revenue Acts of 1926 and 1928 contain substantially identical provisions (44 Stat. 34, § 220 and 45 Stat. 814, § 104 (26 U.S.C.A. § 104 note).

Petitioner asserted a deficiency in respondent's tax, based upon the above statute. The surplus of respondent and the deficiencies asserted by petitioner for the years in question are as follows:

| Year | Surplus | Deficiency |
|---|---|---|
| 1924 | $ 309,366.66 | $ 95,956.06 |
| 1925 | 708,730.14 | 239,206.30 |
| 1926 | 1,136,129.30 | 275,632.56 |
| 1927 | 1,239,403.97 | 84,050.73 |
| 1928 | 1,568,477.56 | 477,056.45 |
| 1929 | 1,606,515.33 | 35,157.09 |

Respondent petitioned the Board to redetermine the liability. The Board found: "Cecil B. deMille Productions, Inc., was not formed, nor, during the years 1924 to 1929 inclusive, was it availed of for the purpose of preventing the imposition of surtaxes upon its shareholders through the medium of permitting its gains and profits to accumulate, instead of being divided or distributed. Nor, during this time, was the corporation a mere holding or investment company." The Board ordered that there were no deficiencies based upon the above quoted statute. Petitioner thereupon filed the petition for review in this court.

This finding of the Board is conclusive if (1) it is one of pure fact, and (2) it is sustained by any substantial evidence. Elmhurst Cemetery Co. v. Commissioner, 57 S.Ct. 324, 81 L.Ed. ——, decided by the Supreme Court February 1, 1937, and cases cited. On the other hand, if the so-called ultimate finding of fact "involves a mixed question of law and fact," then this court must review and determine whether or not it is supported by the facts found by the Board. Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 736, 79 L.Ed. 1343; Helvering v. Tex-Penn Oil Co., 57 S.Ct. 569, 574, 81 L.Ed. ——, decided by the Supreme Court March 29, 1937.

Petitioner contends, however, that the finding "is one of law, or, at best, is a mixed question of law and fact, and as such reviewable by this Court." We believe and hold this contention to be untenable. The finding is one of fact, and was so considered in A. D. Saenger, Inc., v. Commissioner (C.C.A.5) 84 F.(2d) 23, and in United States v. R. C. Tway Coal Sales Co. (C.C.A.6) 75 F.(2d) 336. The case of Helvering v. Tex-Penn Oil Co., supra, relied upon by respondent, is there-

14

fore distinguishable, for the court there held, "The ultimate finding is a conclusion of law or at least a determination of a mixed question of law and fact." That case involved an entirely different question than is before us.

The remainder of petitioner's argument is based on the assumption that the fact so found was either a mixed question of law and fact or a conclusion of law. Specifically, it is that in considering the evidence the Board misconstrued a statute and thus erroneously arrived at the ultimate fact. But we believe the Board considered the evidence, found the fact, and then measured the fact so found with the statute to reach its conclusion. There is substantial evidence to support the finding of fact, and therefore it is apparent that the conclusion reached necessarily follows.

Affirmed.