## ALMOURS SECURITIES, Inc., v. COMMISSIONER OF INTERNAL REVENUE. *
### No. 8411.

Circuit Court of Appeals, Fifth Circuit.
July 21, 1937.

*Rehearing denied Sept. 24, 1937.

428

Henry P. Adair and John M. McNatt, both of Jacksonville, Fla., and Charles M. Trammell, Warren W. Grimes, and Earl Whittier Shinn, all of Washington, D. C., for petitioner.

Berryman Green and Sewall Key, Sp. Assts. to the Atty. Gen., James W. Morris, Asst. Atty. Gen., Morrison Shafroth, Chief Counsel, Bureau of Internal Revenue, and DeWitt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This petition for review was filed pursuant to the provisions of the Revenue Act of 1926, c. 27, 44 Stat. 9, 110, sections 1001–1003, as amended by section 603, Revenue Act 1928, 45 Stat. 791, 873, section 1101 of the Revenue Act of 1932, c. 209, 47 Stat. 169, 286, and by section 519 of the Revenue Act of 1934, c. 277, 48 Stat. 680, 760 (26 U.S.C.A. §§ 641, 642, 644, 645).

The petitioner sought a redetermination by the Board of Tax Appeals of deficiency assessments against it, in income and profit taxes, for the calendar years 1931 and 1932. The assessments, in the sum of $1,282,169.-84 for 1931, and $778,852.14 for 1932, were made by the Commissioner of Internal Revenue under the provisions of section 104 of the Revenue Acts of 1928 and 1932, 26 U.S.C.A. § 104 note (and regulations promulgated thereunder), which impose an additional tax of 50 per centum upon the net income of any corporation formed or availed of for the purpose of preventing the imposition of surtaxes upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed.

The Board upheld the assessments. Its opinion is reported in 35 B.T.A. 61. Whether there is substantial evidence to support its findings of fact, and whether section 104 of the Revenue Acts of 1928 and 1932 are constitutional, are the questions necessary to be decided.

The taxes in controversy are assessable if the corporation is either formed or availed of for the purpose interdicted by said sections. Also, there is a prima facie presumption that any corporation which is a mere holding or investment company or which permits its gains or profits to accumulate beyond the reasonable needs of its business has the purpose to escape the surtax. The presumption arises upon the happening of either contingency, and is in addition to the presumption drawn from the action of the Commissioner in making the assessment.

According to the facts as found by the Board, the petitioner was a personal holding or investment corporation, formed and availed of for the interdicted purpose, in the following circumstances:

In 1926, Alfred I. du Pont, a man sixty-eight or sixty-nine years of age, found himself enormously wealthy, with safe, liquid stocks and securities in excess of $31,000,000, yielding him an annual taxable income of approximately $3,000,000, derived largely from dividends of domestic corporations. He was advised to change his residence from Delaware to Florida, because the latter state had no income or inheritance taxes. Thereafter, in November, 1926, under the laws of Florida, followed the incorporation of the petitioner. Substantially all of its capital stock (except stock dividends) was issued for securities owned by Alfred I. du Pont, his wife, and brother-in-law. It retained nearly all of these securities, and acquired others out of earnings, through 1932. During the less than two months of its existence in 1926, it received approximately $315,-000 as dividends on du Pont stock. No distribution was made to its then sole stockholder, Mr. du Pont.

From the date of organization until the end of 1932, most of its income was from dividends upon shares of stock of E. I. du Pont de Nemours, Inc., and from sale of said shares, only a part of its aggregate profits being distributed to stockholders as cash dividends. The amount so accumulated by petitioner would have increased the surtaxes of the stockholders, if they had received the dividends directly from the securities.

The ownership of the total outstanding common stock of petitioner on January 1,

1931, and the percentage of ownership by the several stockholders (which did not change during the years 1931 and 1932) were as follows:

|  | Shares | Percent |
|---|---|---|
| Alfred I. du Pont | 338,645 | 85.034 |
| Jessie Ball du Pont (the wife) | 45,936 | 11.534 |
| Edward Ball (brother-in-law) | 12,987 | 3.030 |
| Others | 1,576 | .395 |
| Total outstanding | 398,244 | |

The total earnings of petitioner to December 31, 1932, were represented in its books of accounts as follows:

| Cash dividends | $ 4,433,693.05 |
|---|---|
| Stock dividends | 7,724,037.00 |
| Reserve | 9,000,000.00 |
| Undivided profits | 1,305,944.92 |
| Total earnings | 22,463,674.97 |
| Accumulated earnings on December 31, 1932 | 18,029,981.92 |

Petitioner's operations were conducted largely through subsidiaries, which were looked after by Mr. du Pont and his brother-in-law, Mr. Ball. After a portion of its cash net earnings was distributed, the remainder was permitted to accumulate beyond the reasonable needs of its business, and reinvested, thereby saving a large amount of income tax which the stockholder would have been obliged to pay for the years in controversy.

Under a written stipulation of the parties filed with the Board on October 19, 1931, the Board "ordered and decided," as to petitioner, that there were no deficiencies for the years 1927, 1928, and 1929. It further held that petitioner was not subject to taxation for the year 1930, under the provisions of section 104 of the Revenue Act of 1928 (26 U.S.C.A. § 104 note).

■ It is contended that each of these prior decisions is res adjudicata as to the present proceeding, but we deem it unnecessary to discuss the reasons which caused the Commissioner to join in the stipulation and the Board to enter its orders, because it is not essential that the petitioner should have been formed for the interdicted purpose. The Board found as a fact, upon substantial evidence, that petitioner was availed of during the years 1931 and 1932 for that purpose, and the Board's decision is sustainable upon that ground alone. United States v. R. C. Tway Coal Sales Co. (C.C.A.) 75 F.(2d) 336; A. D. Saenger, Inc., v. Commissioner (C.C.A.) 84 F.(2d) 23, certiorari denied 299 U.S. 577, 57 S.Ct. 42, 81 L.Ed. ——; R. & L., Inc., v. Commissioner (C.C.A.) 84 F.(2d) 721; Commissioner v. Fisher & Fisher (C.C.A.) 84 F.(2d) 996; Commissioner v. De Mille Productions (C.C.A.9) 90 F.(2d) 12, decided April 16, 1937.

■ This court should not interfere with the function of the Board of Tax Appeals as a fact-finding tribunal, since it gave the parties an opportunity to be heard and did not refuse to consider relevant evidence, did not proceed upon a mistake of law, and its findings rest upon substantial evidence. The Board's conclusions are not inconsistent with the facts as found by it. Evidentiary facts may not be used to overcome the finding of ultimate facts unless they compel an opposite conclusion as a matter of law. Tricou v. Helvering (C.C.A.) 68 F.(2d) 280.

■ We concur in the conclusions of the Board that, during the years 1931 and 1932, the petitioner permitted its profits to accumulate beyond the reasonable needs of its business, and, further, that petitioner was availed of during those years for the purpose of preventing the imposition of surtaxes upon its shareholders through the medium mentioned in section 104 of the Revenue Acts of 1928 and 1932.

■ The only remaining contention is that the tax, as applied to petitioner, is unconstitutional and void. Said sections have been upheld when attacked upon the same ground in former cases, and it is unnecessary to enter into any extended discussion of the question. The subject is within the constitutional power of the legislative department. It is the duty of the Congress to determine what means are appropriate to carry out the purpose of the revenue acts. The end being legitimate and the means being plainly adapted to that end, we think the law is constitutional. United Business Corporation v. Commissioner (C.C.A.) 62 F.(2d) 754, certiorari denied 290 U.S. 635, 54 S.Ct. 53, 78 L.Ed. 552; Keck Inv. Co. v. Commissioner (C.C.A.) 77 F.(2d) 244, certiorari denied 296 U.S. 633, 56 S.Ct. 156, 80 L.Ed. 450; Williams Inv. Co. v. United States (Ct.Cl.) 3 F.Supp. 225.

The decision of the Board of Tax Appeals is affirmed.