### R. L. BLAFFER & CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8975.

Circuit Court of Appeals, Fifth Circuit.
April 22, 1939.

Rehearing Denied May 25, 1939.

---

[9] See footnote 3.

488

Walter E. Barton, of Washington, D. C., for petitioner.

A. F. Prescott, Sewall Key, and Berryman Green, Sp. Assts. to the Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Claude R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The Board of Tax Appeals determined income tax deficiencies of R. L. Blaffer & Company for the fiscal years ending September 30, 1932, 1933, and 1934. The Board determined the deficiencies by computing the corporation's income, and applying the rate of tax prescribed by Section 104(a) of the Revenue Act of 1932, 47 Stat. 195, 26 U.S.C.A. § 104 note. The appeal from the decision of the Board is brought to this court by petition for review.

The pertinent facts as disclosed by the record and found by the Board are these:

The petitioner, R. L. Blaffer & Company, is a Texas corporation and was organized in 1929. R. L. Blaffer organized the corporation on the recommendation of his attorney and a tax consultant. The organization was suggested as a means of facilitating stock trading, decreasing prospective inheritance taxes, and facilitating the administration of the Blaffer estate. The corporation's capital was represented by 2,500 shares of stock having a par value of $100 per share. Of these shares, 1,275 were issued to Blaffer, 1,222 to his wife, and one qualifying share to each of three other persons. R. L. Blaffer was the president and sole directing head of the company.

R. L. Blaffer & Company kept its books and filed its income tax returns on the basis of a fiscal year ending on September 30. The books of the corporation for the fiscal years 1930 to 1934, inclusive, indicated net income and earned surplus but a dividend was never declared or paid. Mr. and Mrs. Blaffer, its shareholders, did not include in their reported gross income their distributive shares of the corporation's net income for any year.

The assets of the taxpayer corporation consisted almost entirely of stocks and bonds, and shortly after its organization sharp stock market declines greatly reduced the market value of its assets. The brokerage accounts of the company were personally guaranteed by Blaffer. In 1929 Blaffer and his wife transferred to the petitioner as paid in surplus certain shares of stock having a value of $637,461 and which had cost Blaffer $486,686.65. In 1933 a further contribution of stocks valued at $447,500 was made to paid in surplus.

In October, 1929, Blaffer and his wife sold securities through a broker for $627,-542.03 and on the same day had his corporation purchase through brokers an equal amount of the same kind of securities. In November, 1929, he and his wife sold stocks and bonds to their corporation for $260,-807.01. On account of these transactions Blaffer and his wife claimed a loss deduction of $417,752.11 in their income tax returns for 1929. In 1932 and 1933 they made further sales to R. L. Blaffer & Company and claimed loss deductions in their personal income tax returns for those years. These deductions were allowed and they thereby escaped the payment of tax on these amounts.

The Board found that R. L. Blaffer & Company was a mere holding or investment company and rejected the contention that an alleged insolvency, resulting from declines in the market value of stocks, made the taxing statute inapplicable.

Section 104(a) of the Revenue Act of 1932 imposes an additional tax of 50 per cent. on the net income of any corporation formed or availed of for the purpose of preventing the imposition of surtax "through the medium of permitting its gains and profits to accumulate instead of being divided or distributed."

The petitioner now denies that it is a mere holding or investment company. In its brief before the Board, however, it said, "It may be admitted that the petitioner is a holding or investment company and that the prima facie presumption raised by section 104(b) applies." This subdivision provides that, "The fact that any corporation is a mere holding or investment company, or that the gains or profits are permitted to accumulate beyond the reasonable needs of the business, shall be prima facie evidence of a purpose to escape the surtax." 47 Stat. 195.

Blaffer and his wife were the corporation's shareholders. No one else had the slightest interest in its affairs. Blaffer was president and his evidence discloses that he managed and directed the business without consulting anyone. The close relationship between Blaffer and his wife made it possible for him to buy and sell and move stock and securities into and out of the corporation at will. It was the incorporated pocketbook of Blaffer and he used it to transfer assets from one pocket to the other. This was in effect the finding of the Board and was based, we think, on substantial evidence. The purpose for which a corporation is formed or used determines whether the corporation comes within the penalty of the statute here under consideration. We do not decide that it was organized to escape the payment of surtax, but the evidence leads fairly to the conclusion, and the Board so found, that Blaffer was using it to avoid paying this tax. Almours Securities v. Commissioner of Internal Revenue, 5 Cir., 91 F.2d 427; A. D. Saenger, Inc. v. Commissioner of Internal Revenue, 5 Cir., 84 F.2d 23; Commissioner of Internal Revenue v. Cecil B. De Mille Productions, 9 Cir., 90 F.2d 12.

The petitioner asserted an insolvency predicated upon the shrinkage in value of its assets. The Board found that the books of the company reflected no such insolvency but that they revealed an earned surplus increasing steadily in amount from $6,900.-54 in 1930 to $123,522.28 in 1934. The contention that the alleged insolvency removed the corporation from the reach of the taxing statute is without merit. A. D. Saenger, Inc. v. Commissioner of Internal Revenue, 5 Cir., 84 F.2d 23.

Section 104 of the Revenue Act of 1932 is constitutional and the attack made upon it by the petitioner is without merit. Helvering v. Nat. Grocery Company, 304 U.S. 282, 291, 58 S.Ct. 932, 82 L.Ed. 1346; Almours Securities Co. v. Commissioner of Internal Revenue, 5 Cir., 91 F.2d 427.

It results that the petition is denied and the judgment of the Board is affirmed.