## COMMISSIONER OF INTERNAL REVENUE v. W. S. FARISH & CO.

### No. 9084.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1939.

[Ed. Note.—For other definitions of "Formed," see Words & Phrases.]

**6. Internal revenue ⬡7(26)**

The purpose for which a corporation is formed or used determines whether it comes within penalty of statute imposing surtax on corporations improperly accumulating surplus in order to avoid surtax on shareholders. Revenue Act 1932, § 104, as amended by National Industrial Recovery Act § 214, 26 U.S.C.A. § 104 note.

Berryman Green and Sewall Key, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Walter E. Barton, of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Under the provisions of Section 104 of the Revenue Act of 1932 as amended by Section 214 of the National Industrial Recovery Act, 48 Stat. 195, 207, 26 U.S. C.A. § 104 note, the Commissioner of Internal Revenue determined an income tax deficiency against W. S. Farish and Company for the fiscal year ending October 31, 1934. The company appealed and the Board of Tax Appeals overturned the Commissioner's assessment and found and ordered that there was no deficiency in income tax for the year in question. The Commissioner then filed this petition for review.

W. S. Farish and Company is a Texas corporation organized in 1929 for the pur-

pose of dealing in stocks, bonds, and securities of various kinds. The capital stock of the corporation at the time of its organization and during the tax year, 1934, was $500,000. This amount was represented by 5,000 shares of stock which, with the exception of three qualifying shares, were issued to W. S. Farish, his wife, son, and daughter. The company issued the stock and assumed an indebtedness of Farish and his wife in the amount of $618,084.65. As a consideration for the stock issue, Mr. and Mrs. Farish transferred certain securities to the corporation which had cost them $708,466.69, and which had a fair market value of $1,245,875.

The corporation, after its organization, and during the years of 1930, 1931, and 1932, sustained large operating losses. At the beginning of 1933 the company had a deficit of $245,063.18. At the close of this year it realized a net income of $38,701.69; and in 1934 the net income amounted to $80,131.66, and at the end of the year the deficit was $126,229.83.

It is well settled that impairment of capital or paid in surplus of a corporation which resulted from operating losses, must be restored before any earnings can be available for distribution to the stockholders. Willcuts v. Milton Dairy Co., 275 U.S. 215, 48 S.Ct. 71, 72 L.Ed. 247.

The securities transferred to the company by Mr. and Mrs. Farish were recorded on the books as having cost $1,118,084.65, which was the aggregate sum of the par value of the capital stock and the assumed indebtedness. In computing the deficit of $126,229.83, the taxpayer company used the book cost of $1,118,084.65 to determine gain or loss on sales of securities. The Commissioner disagreed with the computation and used the transferor's cost, $708,466.69, which is the lawful basis for computing taxable net income on sales of property secured by a corporation in a tax-free exchange. Revenue Act of 1932, Sec. 112(b) (5), Sec. 113(a) (8) (A, B), 26 U.S.C.A. §§ 112(b) (5), 113 note. The securities received by the company in the tax-free exchange cost it $1,118,084.65, a fair price. If thereafter the company had sold the securities for $1,118,084.65 it would, in fact, neither have derived a gain nor sustained a loss, and its paid in capital would have remained the same; there would have been merely a change from securities to cash. Under the applicable statute the company would have realized a large taxable gain, the difference between the transferor's cost and the sales price, because it acquired the securities in a tax-free exchange. Revenue Act of 1932, Sec. 113. This section has no necessary relation to the gains and profits considered by Section 104, and we think the Board properly sustained the taxpayer in its computation based on the actual cost, $1,118,084.65.

The Board found from the evidence that the taxpayer did not have sufficient capital to meet the requirements of its business; that it operated largely on borrowed capital; that its capital was impaired; and that the gains and profits derived in the tax year were not beyond the reasonable needs of the business. The Board further found that the taxpayer was neither "formed" nor "availed of" for the purpose interdicted by Section 104. These findings are supported by substantial evidence and we are not willing to overturn them. Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; R. & L., Inc., v. Commissioner of Internal Revenue, 5 Cir., 84 F.2d 721; Almours Securities v. Commissioner of Internal Revenue, 5 Cir., 91 F.2d 427; Commissioner of Internal Revenue v. Cecil B. DeMille Productions, 9 Cir., 90 F.2d 12.

The facts distinguish this case from those where corporations have been misused or where manipulation has been practiced to neutralize success. The purpose for which a corporation is formed or used determines whether it comes within the penalty of the statute. Cf. A. D. Saenger, Inc., v. Commissioner of Internal Revenue, 5 Cir., 84 F.2d 23; R. L. Blaffer & Company v. Commissioner of Internal Revenue, 5 Cir., 103 F.2d 487.

The petition is denied and the decision of the Board is affirmed.