NEWMAN MACHINE COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44379, 52020. Filed September 13, 1956.

*Stanley Worth, Esq.,* and *Edward S. Smith, Esq.,* for the petitioner.
*Ralph V. Bradbury, Jr., Esq.,* for the respondent.

1044

OPINION.

TURNER, *Judge:* Under section 102 of the Internal Revenue Code of 1939,[1] a surtax is imposed upon the net income of a corporation, if such corporation "is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders * * * through the medium of permitting earnings or profits to accumulate instead of being divided or distributed." And by subsection (c) thereof, it is provided that the "fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable

---

[1] SEC. 102. SURTAX ON CORPORATIONS IMPROPERLY ACCUMULATING SURPLUS.

(a) IMPOSITION OF TAX.—There shall be levied, collected, and paid for each taxable year (in addition to other taxes imposed by this chapter) upon the net income of every corporation (other than a personal holding company as defined in section 501 or a foreign personal holding company as defined in Supplement P) if such corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders or the shareholders of any other corporation, through the medium of permitting earnings or profits to accumulate instead of being divided or distributed, a surtax equal to the sum of the following:

$27\frac{1}{2}$ per centum of the amount of the undistributed section 102 net income not in excess of $100,000, plus

$38\frac{1}{2}$ per centum of the undistributed section 102 net income in excess of $100,000.

*      *      *      *      *      *      *

(c) EVIDENCE DETERMINATIVE OF PURPOSE.—The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary.

needs of the business shall be determinative of the purpose to avoid surtax upon shareholders."

The respondent has determined such surtax deficiencies against petitioner for the years herein, on the ground that it was availed of for the purpose of preventing the imposition of the surtax upon its shareholders, through the medium of permitting its earnings and profits to accumulate beyond the reasonable needs of its business, and the case has been submitted and argued by the parties on that premise.

The evidentiary facts as shown of record have been found in considerable detail, and, in our opinion, no discussion or elaboration thereof is needed to justify the ultimate finding that petitioner did not accumulate its earnings or profits beyond the reasonable needs of its business, or to sustain the conclusion that petitioner was not availed of for the purpose of preventing the imposition of the surtax upon its shareholders, within the meaning of section 102. It is, of course, patent that petitioner was not formed for that purpose, and there has been no claim or determination that it was.

The respondent's determination of section 102 liability is accordingly rejected. See and compare *Helvering* v. *National Grocery Co.*, 304 U. S. 282; *Helvering* v. *Chicago Stock Yards Co.*, 318 U. S. 693; *Crawford County Printing & Publishing Co.*, 17 T. C. 1404; *J. L. Goodman Furniture Co.*, 11 T. C. 530; *L. R. Teeple Co.*, 47 B. T. A. 270; *Cecil B. De Mille*, 31 B. T. A. 1161, affd. 90 F. 2d 12, certiorari denied 302 U. S. 713; and *William C. De Mille Productions, Inc.*, 30 B. T. A. 826.

*Decision will be entered under Rule 50.*