ROBERT EARL AND SHIRLEY J. WALSH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walsh v. Commissioner
Docket No. 3940-72.
United States Tax Court
T.C. Memo 1974-167; 1974 Tax Ct. Memo LEXIS 153; 33 T.C.M. (CCH) 728; T.C.M. (RIA) 74167; June 24, 1974, Filed. *153 Held, respondent not estopped from redetermining petitioners' claimed depreciation deductions for the taxable years 1968 and 1969. Held, further, respondent's determinations sustained. Robert Earl Walsh, pro se. Karen T. Skeen, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in petitioners' income tax as follows: Year
Deficiency 1968
$2,533.04
1969
2,127.06
Concessions having been *154 made, the sole issue remaining for our determination is whether respondent erred in redetermining depreciation deductions taken by petitioners with respect to certain rental property for the taxable years 1968 and 1969. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Robert Earl Walsh and Shirley J. Walsh are husband and wife and resided in Saratoga, Calif., at the time of the filing of their petition with this Court. For the taxable years 1968 and 1969 joint income tax returns were filed with the internal revenue service center, Ogden, Utah. During the years in issue, and at the date of trial, petitioners owned the following income producing properties: a wood frame, one-family house plus garage and garage apartment located in Los Gatos, Calif. (the Los Gatos property); a row house located in Aptos, Calif. (the Aptos property); and two fourplexes located in San Jose, Calif. (the San Jose property). The Los Gatos property was purchased by petitioners on December 17, 1963, at a total cost of $16,023.47. At the date of acquisition the house and garage thereon were more than 20 years old. The Aptos property was purchased by *155 petitioners in an exchange transaction on May 5, 1965, at a total cost of $15,334. At the date of acquisition the row house thereon was 1-1/2 years old. The San Jose property was purchased by petitioners in an exchange transaction on February 15, 1966, at a total cost of $111,000. At the date of acquisition the buildings thereon were two years old. The following chart indicates the amount of depreciation claimed by petitioners during the years in issue: Property
Acquired
Cost/Basis [1]
Depreciation Taken in Prior Years
Remaining Cost/Basis to be Recovered
Los Gatos Property
12/63
$10,000.00
$8,000.00
$2,000.00
Aptos Property
5/65
13,454.80
5,792.97
7,661.83
San Jose Property
2/66
90,776.22
16,975.15
73,801.07
Depreciation Claimed Property
Method
Rate (Life)
1968
1969
Los Gatos Property
S/L
20% (5 yrs.)
$2,000.00
-0-
Aptos Property
S/L
16-2/3% (6 yrs.)
2,242.47
2,242.47
San Jose Property
S/L
10% (10 yrs.)
9,077.62
9,077.62
Respondent in the statutory notice of deficiency redetermined the depreciation deductions as follows: Property
Acquired
Cost/Basis [2]
Depreciation Taken in Prior Years remaining Cost/Basis to be Recovered
Los Gatos Property
12/63
$6,890.00
$8,000.00
None
Aptos Property
5/65
11,760.00
5,792.97
$5,967.03
San Jose Property
2/66
90,776.22
16,975.15
73,801.07
*156 Depreciation Allowable [3] Property
method
Rate (Life)
1968
1969
Los Gatos Property
S/L
-0-
None
None
Aptos Property
S/L
3% (33-1/3yrs.)
$179.01
$179.01
San Jose Property
S/L
2.78% (36 yrs.)
2,051.67
2,051.67
We find that respondent did not err in redetermining petitioners' claimed depreciation deductions for the taxable years 1968 and 1969. OPINION Petitioners contend that respondent is estopped from redetermining the claimed depreciation deductions for the taxable years 1968 and 1969 by a decision entered January 16, 1970, in this Court finding no deficiency or overpayment for the taxable year 1965. This decision was entered pursuant to stipulation between respondent and petitioner and involved depreciation deductions claimed with respect to the Los Gatos and Aptos properties. The entry merely recited that pursuant to agreement of the parties it is ordered and decided that there is no deficiency or overpayment due. We were not apprised of the reason for the *157 stipulation. Since the decision did not involve a determination of a question of fact or law by this Court the doctrine or estoppel is inapplicable herein. [4]United States v. International Building Co., 345 U.S. 502 (1953); cf. Almours Securities, Inc., 35 B.T.A. 61, 67-69 (1936), affd. 91 F.2d 427 (C.A. 5, 1937), certiorari denied 302 U.S. 765 (1938); and William K. Coors, 60 T.C. 368, 389-392 (1973). Petitioners next contend that the settlement with respect to the 1965 taxable year falls within the purview of section 167(d). [5] The evidence presented, however, indicates that no agreement was entered into within the meaning of section 167(d). [6] We, therefore, find no merit to this contention. *158 Turning to the propriety of the claimed depreciation deductions, we note first that section 167(a) provides that there shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear, and obsolescence of property used in the trade or business or of property held by a taxpayer for the production of income. The regulations provide that the amount deducted each taxable year should be pursuant to a reasonably consistent plan so that the aggregate of the amounts deducted, plus the salvage value, will equal the cost or basis of the depreciated property at the end of its estimated useful life. See section 1.167(a)-1, Income Tax Regs.
At issue with respect to the Los Gatos and Aptos properties is whether petitioners properly allocated the cost or basis of the two properties between the land and improvements. Respondent has accepted petitioners' allocation with respect to the San Jose property. Also at issue with respect to all three properties is whether petitioners' determination of the estimated useful life of each of the properties was proper. Where improvements and land are purchased for a lump sum the basis or cost must be allocated between *159 the depreciable and nondepreciable property. See section 1.167(a)-2 and -5, Income Tax Regs. Respondent reallocated the cost or basis between the land and improvements of the Los Gatos and Aptos properties. Testimony supporting the reallocations was presented by a real estate appraiser employed by the Internal Revenue Service. Since petitioners did not present any evidence to support their allocations or to impeach the government's allocation, we must sustain respondent on this issue. See Rule 142(a), Tax Court Rules of Practice and Procedure.
For the purpose of section 167 the estimated useful life of property is not necessarily the useful life inherent in the property but is the period over which the property may reasonably be expected to be useful to the taxpayer in his trade or business or in the production of his income. The regulations provide that this period shall be determined by reference to the taxpayer's experience with similar property taking into account present conditions and probable future developments. If the taxpayer's experience is inadequate, the general experience in the particular business or industry may be employed until such time as the taxpayer's *160 own experience provides an adequate basis for making the determination. See section 1.167(a)-1(b ), Income Tax Regs. Petitioners determined the estimated useful life of each of the properties according to their belief of their anticipated retention of each in the pursuit of profit. No evidence was presented indicating any prior experience on the part of petitioners which would adequately support the claimed useful lives. Respondent redetermined the estimated useful lives of the properties. This redetermination was based largely upon Rev. Proc. 62-21, 1962-2 C.B. 418. Testimony in support of the longer useful lives was also presented by the respondent's expert witness. With respect to the Los Gatos property we need not consider the useful life issue. Respondent's reallocation of the basis, which reallocation we have sustained, leaves no unrecovered basis to depreciate. With respect to the Aptos and San Jose properties it is our opinion that petitioners have not overcome their burden of demonstrating that their determinations were reasonable. We, therefore, must sustain respondent's determinations on this issue also. [7]
*161 Based on all of the evidence presented it is our opinion that respondent did not err in redetermining petitioners' claimed depreciation deductions for the taxable years 1968 and 1969. To reflect concessions made by the parties, Decision will be entered under Rule 155. Footnotes
1. of depreciable property only.↩
2. Of depreciable property only.↩
3. Based on the remaining cost to be recovered as of January 1, 1968, and the remaining life as of January 1, 1968. ↩
4. We do note, however, that while the doctrine of estoppel is inapplicable to the years in issue, the doctrine of res judicata would apply to the taxable year 1965 if that year were in issue. See David Krueger, 48 T.C. 824, 828-829↩ (1967). 5. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
6. See section 1.167(d)-1, Income Tax Regs.↩, promulgated pursuant to section 167(d), which sets forth the requirements for a section 167(d) agreement. 7. Even if we were to find that petitioners' determinations of the estimated useful lives of each of the properties were reasonable, petitioners still could not prevail since in their depreciation calculations they failed to take into account the salvage value of the properties. With the short lives claimed this would be a significant factor in petitioners recovering their cost. ↩