## JACOB BROS. CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 286.

Circuit Court of Appeals, Second Circuit.
June 8, 1931.

R. Kemp Slaughter and Hugh C. Bickford, both of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and John MacC. Hudson, Sp. Asst. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This appeal raises questions as to the computation of petitioner's invested capital for the years 1919 and 1920. The petitioner was engaged in the manufacture and sale of musical instruments which it sold upon the installment plan; i. e., the purchaser made an initial cash payment, usually about 10 per cent. of the sale price, and agreed to pay the balance in weekly or monthly installments, the deferred payments being secured by a chattel mortgage or similar instrument on the merchandise sold. Prior to 1918 the petitioner's books of account were kept upon the accrual basis, and its income tax returns for the years 1913 to 1917, inclusive, were filed on this basis. In consequence all installment sales were accounted for at the full sales price in the year when the sale was made, so that on December 31, 1917, profits, though uncollected, on installment sales made prior thereto had been fully reported for taxation and were included in the undivided profits and surplus account of petitioner.

In 1918 the company changed its method of accounting to the installment basis, and thereafter made its income tax returns for the year 1918 and subsequent years on that basis. On the installment basis a taxpayer returns as income of a taxable year that proportion of the installment payments actually received in that year which the total profit (that is, sales less cost of goods sold), realized or to be realized when the property is paid for, bears to the total contract price. Section 212 (d) of the Revenue Act of 1926, 44 Stat. 23 (26 USCA § 953(d); article 42, Treas. Reg. 69. Although the Commissioner, following the decision of Appeal of B. B. Todd, Inc., 1 B. T. A. 762, for a time denied the right of petitioner to report on the installment basis, it was stipulated before the Board of Tax Appeals that the income for the taxable years here involved should be computed on such basis in accordance with section 1208 of the Revenue Act of 1926 (44 Stat. 130 [26 USCA § 953a]) and section 705 of the Revenue Act of 1928 (45 Stat. 881 [26 USCA § 2705]).

The Commissioner then contended that petitioner's capital stock and surplus for the taxable years in question should be adjusted to conform to the installment basis by eliminating therefrom all uncollected profits from sales. The capital stock and surplus had been determined upon the accrual basis, unadjusted for federal income and profits taxes and including the full amount of uncollected accounts receivable on installment sales, as follows: As of January 1, 1919, $4,361,451.70. As of January 1, 1920, $4,724,433.45. The profits included in such uncollected accounts amounted to the following totals at the beginning of each year: As of January 1, 1919, $592,485.69. As of January 1, 1920, $662,799.76. The totals last mentioned included uncollected profits on sales made prior to January 1, 1918, in the following amounts: As of January 1, 1919, $244,488.71. As of January 1, 1920, $112,307.83. The Board held that no part of the uncollected profits at the beginning of the taxable years could be included in invested capital for the respective years, following its earlier decisions in Appeal of Blum's Incorporated, 7 B. T. A. 737; New Eng. Furniture & Carpet Co. v. Com'r of Internal Revenue, 9 B. T. A. 334; and J. B. Bradford Piano Co. v. Com'r of Internal Revenue, 15 B. T. A. 1045.

The questions presented are two: (1) Whether petitioner may include in invested capital as of January 1, 1919, and January 1, 1920, the uncollected profits contained in its accounts receivable outstanding on these dates and arising from sales of merchandise on the installment plan made prior to such dates; and (2) whether, if the entire amount of such uncollected profits may not be included, the portions of such profits resulting from installment sales made prior to January 1, 1918, and previously reported in income for taxation, may be so included. For convenience of discussion we shall deal with these questions in the inverse order to that in which they have been stated.

The petitioner's invested capital must be computed in accordance with the definition of that term in section 326a of the Revenue

Act of 1918 (40 Stat. 1057, 1092), which includes: "(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year. * * * " Where a taxpayer's books are kept upon the accrual basis, its undivided profits at the end of a given year will necessarily include uncollected accounts receivable not yet due. The Commissioner's contention that, until collection, profits from installment sales are merely anticipated earnings or income which may or may not be realized by future collection is equally true of any sale on credit, and would prevent any determination of profits by the accrual method of accounting. If there had been no change in the accounting method, it seems to us perfectly clear that profits resulting from installment sales reported on the accrual basis should be included in the surplus and undivided profits account at the beginning of the taxable years in question. But, by changing to the installment basis of accounting, petitioner would have been obliged, were it not for section 705 of the Revenue Act of 1928 (45 Stat. 881 [26 USCA § 2705]), to report as income received in 1919 and 1920, a proportionate part of its collections in those years, respectively, on receivables which arose out of sales made prior to 1918. Section 705 permits the taxpayer to exclude from the later year's income cash collected on installment contracts reported on the accrual basis in years prior to the change of method. In other words, the accrual method was allowed to stand unaffected in respect to income for years prior to 1918. Hence the surplus and undistributed profits account obtained by the accrual method is likewise unaffected by the change. We think the Board erred in deducting the item of $244,488.71 from the invested capital of 1919 and the item of $112,307.83 from the invested capital of 1920.

The situation is different as to the uncollected profits arising from sales made subsequent to January 1, 1918. Those sales were never reported on the accrual basis, and collections made on account of them in the years 1919 and 1920 must be reported, to the extent that they represent profits, in the income for such years respectively. In effect, this is accounting on the cash basis as to installment sales made subsequent to 1918, and on such basis uncollected accounts cannot be treated as income and carried into the account of surplus and undivided profits for the purposes of invested capital. It is true that, when the materials and labor which have gone into merchandise are converted by sale into accounts receivable, the merchant's capital and surplus are increased by the amount of profits included in the accounts receivable; but not all capital and surplus can be carried forward into invested capital. By the express statutory definition, "surplus and undivided profits earned during the year" may not be included in the invested capital of that year. On the cash basis of accounting, profits are earned only when the accounts receivable are collected. Hence the petitioner may not use the cash basis in accounting for income and the accrual basis in determining invested capital for the same year. This was considered by the Board of Tax Appeals in Great Bear Spring Co. et al. v. Com'r of Internal Revenue, 12 B. T. A. 383, at page 391, where it was said: "Petitioners contend, however, that accounts receivable should properly be included in invested capital irrespective of the accounting method employed, since they are assets and tangible, and, as they state, represent an investment of cash. They cite section 325 of the Revenue Act of 1918. This is a section of definitions. Section 326 is the one that prescribes what may be included in invested capital. Assets, merely as such, are not included. Invested capital embraces cash and property paid in for stock, or as paid-in surplus, and also earned surplus and undivided profits. Under the cash receipts and disbursements method of accounting, accounts receivable do not enter into earned surplus or undivided profits until after they have been collected. We, therefore, hold that the accounts receivable of the Spring Company are not a part of invested capital for 1920, but that the accounts receivable at the beginning of 1921 may be included in invested capital for 1921."

We hold that the Board was right in excluding from petitioner's invested capital for the years in question the uncollected profits on installment sales made subsequent to 1918.

The order is reversed, and the cause remanded for further proceedings in conformity with this opinion.