## COMMISSIONER OF INTERNAL REVENUE v. SHENANDOAH CO.
### No. 10745.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1943.

HOLMES, Circuit Judge, dissenting.

———◇———

Bernard Chertcoff, Sewall Key, and Samuel H. Levy, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Douglas D. Felix, of Miami, Fla., for respondent.

Before HUTCHESON and HOLMES, Circuit Judges, and RUSSELL, District Judge.

HUTCHESON, Circuit Judge.

This petition for review, while vigorously argued by the commissioner, seems on the record before us to have little of substance in it. If the judgment is right and should be affirmed, the taxpayer will pay no tax. Neither apparently will he if it is wrong. For the commissioner concedes that if his position, that the dividend, for which taxpayer claims a dividends paid credit, in part effected a deficit in surplus and, therefore, constituted a distribution of capital, is correct, the cause must be remanded to the Tax Court to permit taxpayer to there claim the benefit of the deficit credit provided in Sec. 26(f) of the Revenue Act of 1936, as added by Sec. 501 (a)(3) of the Revenue Act of 1942, 26 U.S. C.A. Int.Rev.Acts, and the undisputed proof seems to establish that with such credit allowed, taxpayer would have no undistributed profits net income for 1938, and would, therefore, not be liable for the un-

distributed profits tax here in question. Since, however, the Tax Court did not pass upon this alternative position of taxpayer, and the taxpayer strenuously insists that the judgment it got was right, we have concluded, notwithstanding the tilting at windmills character of the petition for review, to consider and determine it on its merits.

Unsuccessful before the Tax Court upon his contention that taxpayer, a real estate corporation on the accrual basis, was not entitled to a dividends paid credit as to part of a dividend of $75,000 declared in 1937, out of installment obligations received on sales made in 1936 and 1937, but under Sec. 44, 26 U.S.C.A. Int.Rev.Acts, page 839, not taxed to it in that year, the commissioner is here reurging it upon us, while the taxpayer insists, as it has throughout, that the contention rests upon a wholly mistaken view. The parties are in full agreement as to the basic facts and figures, indeed, they are stipulated.[1] Their dispute is as to the computation of surplus available in 1937 for the payment of dividends. Commissioner seeks to confine this to the sum of the net taxable income of taxpayer for 1936 and 1937, less income and excess profits taxes. Taxpayer includes the profits of $34,968.33 on sales made in those years and represented by the obligations entered as receivables upon its books in the year of their receipt, though the tax upon them has, by its election under Sec. 44, been deferred to the year of their collection. The commissioner concedes that the distribution was a bona fide dividend and to be recognized as such in its face value under Section 27(d) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 837. He contends, however, that only $35,813.17 and not $70,781.50, as claimed by taxpayer, represented surplus, and that the payment of the balance exceeding this amount created a deficit in surplus and constituted a distribution of capital not taxable in the hands of the stockholders, and, therefore, excludable by Sec. 27(h). Taxpayer, on its part, insists that being on the accrual basis, its receivables represented by obligation given ceivables represented by obligations given in the year of sale just as any other receivables,. and are income in that year for the purpose of computing surplus and declaring dividends, though under a special provision of the taxing act, payment of income tax thereon is deferred to a future year.

The Tax Court, agreeing with taxpayer,[2] held it to be well settled that corporate profits subject to distribution in dividends are not limited to those which have been

---

[1] Taxpayer, a corporation engaged in the real estate business in Miami, Florida, acquired and subdivided a tract of land, and proceeded to sell it in building lots, many of the sales being made on the deferred payment plan. Taxpayer, on the accrual basis of accounting, carried on its books as receivables all of the installment obligations it received from the sales, and, except for the fact that it availed itself of the option granted by Sec. 44, Rev. Act of 1936, to defer the tax by reporting them on the installment basis, all of them would have been taxable income in the year of sale. In 1937, having accumulated out of its sales for 1936 and 1937 a surplus available for dividends, as it was advised, of $70,781.50, taxpayer declared a dividend of $75,000.00 in its promissory notes payable on or before two years from date with interest at the rate of 7 percent per annum. These notes were worth face value on the date issued, and the whole $75,000.-00 was duly reported as income in the income tax returns of taxpayer's stockholders for the calendar year 1937. The adjusted net income of taxpayer, as defined in Sec. 14 of the Rev. Act of 1936, 26 U.S. C.A. Int.Rev.Acts, page 823, for the purpose of computing surtax on undistributed profits was $32.265.59 for the fiscal year 1937 and $18,688.48 for the fiscal year 1938. Taxpayer, therefore, in its return claimed a credit of $32,265.59 for the year 1937, and a carryover credit from 1937 of $38,515.91. The commissioner disallowed as available for dividends in 1937 $34,968.-33, which, though on hand from the sales and accrued on taxpayer's books, was not taxable in 1937 because of the option of deferring the tax. Commissioner's computation resulted in a carryover credit of only $3,547.58 for 1938 as against taxpayer's claim of a credit of $38,515.91.

[2] In support it cited the following cases: F. J. Young Corp. v. Com'r, 35 B.T.A. 860, holding that the gain resulting to a corporation from a nontaxable exchange in a reorganization although not recognized for tax purposes, constituted profits subject to distribution as dividends. To similar effect are the decisions in Susan T. Freshman v. Com'r, 33 B.T.A. 394; Robert R. McCormick, Executor, v. Com'r, 33 B.T.A. 1046; W. S. Farish & Co. v. Com'r, 38 B.T.A. 150, affirmed, 5 Cir., 104 F.2d 833; and Ida I. McKinney v. Com'r, 32 B.T.A. 450; Commissioner v. F. J. Young Corp., 3 Cir., 103 F.2d 137.

theretofore included in taxable income. The commissioner insists both that these cases involving gain resulting to a corporation from a non-taxable exchange in a reorganization were incorrectly decided, and that if not, they are no longer of force because of the change in Sec. 115(a), 26 U.S.C.A. Int.Rev.Acts, page 868, effected by Sec. 501 of the Second Revenue Act of 1940, 26 U.S.C.A. Int.Rev.Acts.[3] He, therefore, insists that since the taxpayer, under its option, was not required to, and did not, return as income in 1937, $34,968.33 of the installment obligations it had received, it could not take them into consideration in that year as surplus for the declaration of dividends.

 The taxing statutes contain no provision limiting the earnings which can be taken into account in declaring dividends to those on which income tax was payable or paid in the year. Sec. 115(a) of the Revenue Act of 1936 defines a dividend as meaning any distribution made by a corporation to its stockholders, "(2) out of the earnings or profits of the taxable year". The Revenue Acts do not define "earnings or profits", and prior to the enactment of Sec. 501, Revenue Act of 1940, those words were defined by the courts as embracing all economic gain. Nothing in Sec. 501 limits, or purports to limit, earnings and profits from sales of property to those which were "recognized" by the taxpayer as taxable to him in the year in which the dividend was declared. It merely limits them to such as were "recognized", in computing net income, under the law applicable to the year in which the sales were made, and it stands conceded that the Revenue Act of 1936, the law applicable, clearly recognizes the receipts in this case as gains, and, but for the option to defer payment of taxes on them it would have subjected the taxpayer to taxes on them in the year of their receipt. All that Section 501 does, all that it was intended to do, is to limit usable earnings and profits from sales of property to that portion of the gain realized which is taxable, and there is nothing in it which restricts such usable profits to those gains only which are returned for taxation in the year of their realization. Usually, of course, the year of realization is the year of taxation, and

this would be the case here but for the use of the installment option. This, while deferring payment of the taxes to a later year, does not change the fact that the income was in fact realized in the year in which the obligations were received. Indeed, it establishes that it was, for otherwise there would be no occasion to provide for deferring the payment. We think it plain, therefore, that the Tax Court was right in holding that dividends paid out of earnings taxable when received, under the Revenue Act applicable to the year in which the sales were made, though under the option not taxed to them in those years, were paid out of surplus, and allowable as a dividends paid credit, and that its judgment must be affirmed.

Affirmed.

HOLMES, Circuit Judge (dissenting).

Respondent, a Florida corporation, during the years 1936 to 1938, inclusive, engaged in the business of subdividing and selling real estate. Many sales were made under a deferred-payment plan, and the deferred payments were carried on the books as accounts receivable. The corporation was on an accrual basis, but reported income from its deferred-payment sales in installments under the option provided in Section 44 of the Revenue Act of 1936.

We are concerned here with respondent's income tax liability for its fiscal year ending June 30, 1938. On June 1, 1937, the corporation distributed promissory notes worth $75,000 to its shareholders as a dividend, of which sum it claimed that $70,781.50 represented earnings or profits of the taxable year. Its adjusted net income for the computation of the surtax on undistributed profits for 1937 was $32,265.59, and the difference in these sums, $38,575.91, it claims as a dividends-paid credit which it was entitled to carry over into 1938 and set against its adjusted net income for computing surtax on undistributed profits for that year. Section 27(b) of the Revenue Act of 1936. The Commissioner ruled that only $35,813.17 of the $75,000 distribution constituted a dividend in 1937, on the ground that the taxpayer's earnings and profits on the date the div-

---

[3] "Gain or loss so realized shall increase or decrease the earnings and profits to, but not beyond, the extent to which such a realized gain or loss was recognized in computing net income under the law applicable to the year in which such sale or disposition was made."

idend was declared did not exceed that figure. The correctness of the deficiency assessment thus turns upon a determination of how much of the $75,000 distribution was earnings and profits subject to distribution as dividends within the meaning of the Revenue Act of 1936.

Section 115(a) of the Revenue Act of 1936 originally defined a dividend in such cases to mean any distribution made by a corporation to its shareholders, in money or other property, out of its earnings or profits either accumulated subsequent to February 28, 1913, or during the whole of the taxable year. Had the taxpayer not availed itself of the option to report its income from deferred-payment sales on the installment basis, it, being on the accrual basis, would have been taxable in 1937 upon all the profits accruable from the deferred-payment sales made in that year. Its profits were realized in 1937, but were not recognized in its tax returns because it elected to exercise its option to report such income on the installment basis. The Young case and others following it held, with respect to gains realized in tax-free reorganizations, that the total of the realized gain was available for distribution as dividends in the year realized, irrespective of when such gain was recognized and taxed. The rationale of these decisions was that Section 115(a), supra, dealt with earnings and profits, and conferred the dividends-paid credit with respect thereto without any limitation in regard to when such earnings and profits were required to be returned and taxed as gains or income. I think the law of these cases is applicable to the case at bar, and up to this point I agree with the decision of the Tax Court.

In Section 501 of the Revenue Act of 1940, however, Congress retroactively amended Section 115(a) of the Revenue Act of 1936 so as to make that section provide that the gain or loss realized from the sale or other disposition of property of a corporation, for the purpose of computing the earnings and profits of the corporation for any period beginning after February 28, 1913, should be determined by using as the adjusted basis the adjusted basis (under the law applicable to the year in which the sale or other disposition was made) for determining gain. It provides that gain or loss so realized shall increase or decrease the earnings and profits to, but not beyond, the extent to which such a realized gain or loss was recognized in computing net income under the law applicable to the year in which such sale or disposition was made.

As is made clear by the committee reports at the time this amendment was enacted, the intent of Congress was to change the statute law as interpreted by the Young case with respect to the calculation of earnings and profits distributable as dividends so as to eliminate the differentiation existing between the earnings calculable for the dividends-paid credit and the realized gain actually recognized in computing net income for the taxable year. This purpose was accomplished by limiting the gain or loss realized by a corporation from the sale or disposition of its property, with respect to its earnings and profits, to the extent to which such realized gain was recognized in its computation of taxable income.

Therefore, whatever doubt may exist as to whether or not this taxpayer fell within the ruling of the Young case, it still was unable to take a dividends-paid credit upon the whole of its earnings and profits accrued as of 1937; its earnings and profits could only be increased by its gains on deferred-payment sales to the extent that such realized gains were recognized in its computation of its net income for that year.

I also think that the surplus of the distribution over and above the amount so determined to be dividends in the year 1937 was not a distribution of capital, and that certain additional credits may be allowable to the taxpayer against the surtax on undistributed profits under the retroactive amendment of Section 26 of the 1936 Act by Section 501 of the Revenue Act of 1942. This amendment was enacted after this case had been submitted to the Tax Court, and its effect upon the rights of the parties was not considered. Opportunity for such consideration would exist upon remand.

I think the judgment should be reversed, and the cause remanded to the Tax Court for further proceedings not inconsistent with this opinion.