### KIMBRELL'S HOME FURNISHINGS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

No. 5551.

Circuit Court of Appeals, Fourth Circuit.

Feb. 3, 1947.

---

[10] See, also, Berea College v. Kentucky, 211 U.S. 45, 55, 29 S.Ct. 33, 53 L.Ed. 81.

[11] 15 U.S.C.A. § 908.

Norman Block, of Greensboro, N. C. (Brooks, McLendon, Brim & Holderness, of Greensboro, N. C., on the brief), for petitioner.

Charles C. MacLean, Jr., of New York City (Root, Ballantine, Harlan, Bushby & Palmer, Arthur A. Ballantine and John E. F. Wood, all of New York City, on the brief), as amicus curiae.

Lee A. Jackson, Sp. Asst. to the Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before PARKER, SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

Kimbrell's Home Furnishings, Inc., petitions for review of a decision of the Tax Court of the United States determining a deficiency in excess profits taxes of $329.-38 for the fiscal year ended August 31, 1943. The corporation was organized under the law of North Carolina on September 13, 1940. It is engaged in the retail sale of home furnishings and makes a substantial part of its sales on the installment plan. It computes its net income for income tax purposes on the installment basis under Section 44(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 44 (a), which permits a person who regularly sells personal property on the installment plan to return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized, when payment is completed, bears to the total contract price.

With respect to its excess profits tax the taxpayer elected to avail itself of the option to compute its income from installment sales on the accrual basis in conformity with Section 736(a) of the Internal Revenue Code which was added by Section 222(d) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Code, § 736(a). This option was made available to installments sellers who, like the taxpayer, had extended a certain average volume of credit to installment purchasers in preceding years. In part the section reads as follows: "Sec. 736(a) Election to accrue income. In the case of any taxpayer computing income from installment sales under the method provided by section 44(a), if such taxpayer establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, * * * it may elect, in its return for the taxable year, for the purposes of the tax imposed by this subchapter, to compute, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44(a). Except as hereinafter provided, such election shall be irrevocable when once made and shall apply also to all subsequent taxable years, and the income from installment sales for each taxable year before the first year with respect to which the election is made but beginning after December 31, 1939, shall be adjusted for the purposes of this subchapter to conform to such election. * * *"

Since the taxpayer was not in existence during the base period defined in Section 713, 26 U.S.C.A. Int.Rev.Code, § 713, its excess profits tax was necessarily computed on the invested capital method as provided by Sections 712, 714, 715, 716, 717 and 718 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code §§ 712, 714–718(a) (4), which, in the case of the taxpayer, allowed a credit of 8 per cent of the invested capital which comprehends equity invested capital and borrowed invested capital. Equity invested capital includes, among other things, the accumulated earnings and profits as of the beginning of the taxable year. See Section 718(a) (4).

The taxpayer claimed the right to include in its invested capital for the year ended August 31, 1943, the sum of $18,394.04 which represented a reserve or accumulation of uncollected profits on installment obligations held by it at the beginning of the tax year, and derived from sales in the two preceding years. This sum was

610

arrived at as the result of the adjustment required by the terms of Section 736(a) whereby the taxpayer's excess profits net income for the two preceding years were adjusted to an accrual basis. Thereby the excess profits net income for the year ending August 31, 1941, was increased and a deficiency of excess profits in the sum of $5,934.15, which is not contested, was determined. The Tax Court denied the claim of the taxpayer to include the amount of $18,394.04 as accumulated profits in computing its equity invested capital for the year ended August 31, 1943, and the decision on this point is the question presented in the petition for review now before us.

Since the excess profits tax must be computed by determining the excess profits net income and deducting therefrom the excess profits tax credit, it would seem logical that the method used in determining one should be consistent with the method used in determining the other. In both calculations profits must be taken into consideration—in the one, in order to find the gross amount on which the tax will be based, and in the other, in order to ascertain the amount of the accumulated profits that have entered into the capital on which the tax credit will be based. The Commissioner, however, rejected this view and issued Section 35.736(a)-2 of Regulations 112, which provides in part as follows: "If the taxpayer elects under the provisions of 736(a) and this section to compute its income from installment sales on a straight accrual basis, such election shall be irrevocable. * * * If the taxpayer uses the excess profits credits based on invested capital pursuant to Section 714, the determination of accumulated earnings and profits shall be made without regard to any adjustment resulting from election made under Section 736(a) and this section, except as such election is reflected in the amount of income tax or excess profits tax payable for the taxable years beginning after December 31, 1939."

■ The effect of this regulation is to exclude from the taxpayer's equity invested capital the amount of the accumulated profits, to wit, $18,394.04, which were ascertained by the adjustment made under the provisions of Section 736(a). This is so because the regulation provides that in determining the amount of accumulated earnings and profits to be included in equity invested capital under Section 714 no regard shall be given to the adjustment made under Section 736(a). The taxpayer contends that the regulation conflicts with the purpose and intent of Section 736(a) and is therefore invalid. This raises a question reviewable by this court as to the meaning of a statute of general applicability. See Bingham's Trust v. Commissioner, 325 U. S. 365, 370, 65 S.Ct. 1232, 89 L.Ed. 1670; Commissioner v. Wilcox, 327 U.S. 404, 410, 66 S.Ct. 546; C. I. R. v. Swent, 4 Cir., 155 F.2d 513.

■ It seems to us that the regulation deprives Section 736(a) of the Code of the full force and effect that Congress intended it to have. The legislative history shows that the statute was passed to give relief to taxpayers in the installment business who during the war were required by the Federal Reserve Board to increase the size of the down payment and shorten the pay period of their installment contracts. According to H.R. Report No.2333, 77th Cong., 2d Sess., accompanying the Revenue Act of 1942, this requirement caused a bunching of income in the taxable year without the deduction of the normal selling costs. To overcome this hardship, taxpayers who could establish that the average volume of credit extended in the years preceding the taxable year was more than 125 per cent of the credits extended in the taxable year, were given the option to report their excess profits tax income on the accrual basis. Since the statute was thus passed for a remedial purpose, it should be liberally construed in the taxpayer's favor. Bonwit, Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018.

It is clear that the purpose of the statute was to place installment sellers on an equal footing with other taxpayers on an accrual basis, so far as the determination of the excess profits tax is concerned. The accumulated earnings and profits of a taxpayer on an ordinary accrual basis undoubtedly include the uncollected profits contained in its accounts receivable; and the accumulated earnings and profits of a

taxpayer on the installment basis who complies with Section 736 of the Code should be similarly treated. Indeed the Commissioner has recognized the reality of the accumulated profits in question by subjecting them to the additional excess profits tax which became due when the taxpayer's income in the preceding years was adjusted to an accrual basis. Notwithstanding this ruling, the Commissioner now refuses to recognize the profits so taxed as part of the taxpayer's equity invested capital and thereby places this taxpayer and all others similarly situated at a disadvantage when compared with the ordinary taxpayer who reports his income on an accrual basis. The statute gave the taxpayer the right to report his income on an installment basis for the purpose of the income tax and the right to report his income on an accrual basis for the purpose of the excess profits tax. The Commissioner's action deprives the taxpayer of the full enjoyment of the latter right.

When the intrinsic nature of the uncollected profits on installment obligations is considered, no reason appears why they should not be treated as a part of the invested capital credit within the meaning of the phrase "accumulated earnings and profits" contained in Section 718(a) (4) of the Code. They are assets of the business which can be pledged or sold and may be subjected to attachment or execution. It has been held in other connections that uncollected profits on installment sales are realized at the time of the sale and should be considered as earnings and profits. Thus it is constitutional to take account of deferred payments when measuring the tax on the gains involved in installment sales imposed upon the transmission of the installment obligations upon the death of the owner. Nuckolls v. United States, 10 Cir., 76 F.2d 357; Crane v. Commissioner, 2 Cir., 76 F.2d 99; Lawler et al. v. Commissioner, 9 Cir., 78 F.2d 567. Again it has been held that uncollected profits on installment sales represent realized earnings and profits for dividend purposes. Commissioner v. Shenandoah Co., 5 Cir., 138 F.2d 792, 794. In that case the taxpayer, who sold real estate on the installment plan, kept its books on the accrual basis but elected under the relevant statute to report income from such sales on the installment basis. The taxpayer declared a dividend consisting of promissory notes. The Commissioner disallowed as available for dividends the uncollected profits on installment sales on the theory that they did not constitute earnings and profits since the income tax had not been paid on them in the taxable year. The court rejected this contention saying: "Usually, of course, the year of realization is the year of taxation, and this would be the case here but for the use of the installment option. This, while deferring payment of the taxes to a later year, does not change the fact that the income was in fact realized in the year in which the obligations were received. Indeed, it established that it was, for otherwise there would be no occasion to provide for deferring the payment."

In its opinion, the Tax Court relied in part upon decisions, e. g., Blum's, Inc., 7 B. T. A. 737, which held that uncollected profits on installment sales were not to be considered as paid in or earned surplus and undivided profits which under Section 326(a) (3) of the Revenue Act of 1918, 40 Stat. 1092, were includible in invested capital for the purpose of computing the taxpayer's liability for the war profits and excess profits tax imposed by that statute. The cases are distinguishable. Blum reported its income for excess profits tax purposes on the installment basis, whereas the taxpayer herein reported its income for that purpose on the accrual basis. Hence Blum deferred the reporting of profits in the high tax years until the succeeding years, whereas, in the pending case, the taxpayer reports its income as it makes its sales and pays its excess profits tax as it goes. See Jacob Bros. Co. v. C. I. R., 2 Cir., 50 F.2d 394.

The Commissioner makes an additional contention based on the following analysis of the statute. The Excess Profit Tax Act of 1940 took the form of an addition to Chapter 2 of the Internal Revenue Code under the heading "Subchapter E-Excess Profits Tax", 26 U.S.C.A. Int.Rev.Code, § 710 et seq. The phrase "accumulated earnings and profits" used in Section 718

(a) (4) is not defined in this addition. Section 728, 26 U.S.C.A. Int.Rev.Code, § 728, however, provides that "the terms used in this subchapter shall have the same meaning as when used in Chapter 1"; and Section 115(*l*), 26 U.S.C.A. Int.Rev.Code, § 115(*l*) which was added to the Internal Revenue Code in 1940 and is found in Chapter 1, provides among other things for the basis to be used in determining gain or loss realized by a taxpayer from the sale or other disposition of property. It further provides that: "Gain or loss so realized shall increase or decrease the earnings and profits to, but not beyond, the extent to which such a realized gain or loss was recognized in computing net income under the law applicable to the year in which such sale or disposition was made."

One purpose of this amendment, as shown by the Report of the Committee on Ways and Means, H.Rep.No.2894, 76th Cong., 3d Sess., (1940-2 Cum.Bull. 496) was to aid in the determination of equity invested capital for excess profits purposes, and to limit the earnings and profits therein included to gains which are recognized under Section 112 of the statute, 26 U.S.C.A. Int.Rev.Code, § 112.

From this analysis, the Commissioner contends that Congress intended Section 115(*l*) to apply in the computation of accumulated earnings and profits which are to be taken into account under Section 718(a) (4) in determining equity invested capital. He shows that under Section 44 (a) the installment seller who pays his income tax on the installment basis is required to return only that proportion of the installment payments received in the tax year which the gross profit realized or to be realized when payment is completed bears to the total contract price. Hence it is plain that for the purposes of the *income tax* the entire profit which will be ultimately realized from installment sales is not recognized in the taxable year and does not enter into the earnings or profits under Section 115(*l*); and the Commissioner therefore contends that the additional profits which have accrued but have not actually been received are not recognized in the taxable year and may not be treated by the taxpayer as accumulated earnings and profits which form part of his invested capital credit in computing his *excess profit* tax. In short, the Commissioner says that the same meaning must be given to the phrase "accumulated earnings and profits" in computing the excess profits tax of the installment dealer as in computing his income tax.

We cannot agree with this conclusion, for it ignores the permission given to the taxpayer to report his income on the installment basis for the purpose of the income tax, and on the accrual basis for the purpose of the excess profits tax. We are concerned here only with the latter and in respect to this tax uncollected but accrued earnings are both realized and recognized in law in computing the net income of an installment seller in the year in which the sales are made. They are realized for the reasons given in Commissioner v. Shenandoah Company and other cases cited above; and they are recognized because they are taken into consideration in computing the part of the sales price to be included in the excess profit net income and subjected to the excess profits tax. Having been computed on the accrual basis, they are taxed in the year in which the sales are made; and if they are retained in the business until the beginning of the next year, they became accumulated earnings and profits that enter into the equity invested capital of that year. In the pending case, the income for the two years preceding the tax year was adjusted to an accrual basis and an addition was made to the excess profits net income upon which an additional excess profits tax was determined. Having thus been recognized within the meaning of the statute, they became a part of the accumulated earnings and profits, and so much thereof as remained in the hands of the taxpayer at the beginning of the year ended August 31, 1943, was properly included in the equity invested capital for that year.

The decision of the Tax Court must be reversed.