### SOUTH TEXAS LUMBER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11896.

Circuit Court of Appeals, Fifth Circuit.

July 3, 1947.

HOLMES, Circuit Judge, dissenting.

J. Arthur Platt, of Houston, Tex., for petitioner.

Charles C. MacLean, Jr., of New York City, for petitioner in amicus curiae.

Carlton Fox and Helen R. Carloss, Sp. Assts. to the Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The Taxpayer, a corporation under the laws of Texas, which keeps its books and files its income and excess profits tax returns on the calendar year and on the accrual basis, made sales of certain real estate and elected to compute and report the profit from such sales on the installment basis as provided by Sec. 44(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 44. The question presented is whether or not in computing the income and excess profits tax of the corporation for the year 1943 the corporation may, for excess profits credit, include as "equity-invested capital" uncollected profits which had been accumulated on its books on January 1, 1941, from such installment sales on the theory that such profits, although uncollected, represent "accumulated earnings and profits as of the beginning of the taxable year" under Sec. 718(a) (4) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 718(a) (4), which provides that equity-invested capital shall include "the accumulated earnings and profits as of the beginning of such taxable year; * * *"

In making the sales of the real estate on the installment plan, a deed was executed and delivered to the purchaser, with a vendor's lien retained to secure payment of the promissory notes, for the balance, which notes the purchaser had executed to the corporation. Being on the accrual basis of accounting, the corporation carried on its books as receivables all of these installment obligations, but for income tax purposes it showed as unreported income under the classification of "Unrealized Profit Installment Sales" such part of the proceeds from the installment sales that remained uncollected, and in its excess profits tax return for the year 1943 it claimed the unreported income, or that part not yet collected from the installment sales, as a part of its surplus and undivided profits in computing its equity-invested capital.

In redetermining the Taxpayer's excess profits tax for the calendar year 1943 the Commissioner reduced its equity-invested capital for the calendar years of 1941, 1942, and 1943, by the full amount of the sums so carried as unreported income or profits from those installment sales for the said three years.

The term "accumulated profits" is not defined in the excess profits tax provisions of the statutes, but Sec. 728 provides that "the terms used in this subchapter shall have the same meaning as when used in chapter 1." The Commissioner contends:

(1) That whether uncollected profits on installment sales at the beginning of the taxable year are includible in the equity-invested capital depends on whether such profits are "recognized in computing net income" as provided in Sec. 115(*l*) of Chapter 1 as added by Sec. 501(a) of the Second Revenue Act of 1940, 26 U.S.C.A. Int.Rev. Code, § 115(*l*), and that since the Taxpayer did not report in its income tax return the uncollected profits under the installment sales in computing its net income, such profits, therefore, were not "recognized in computing net income" and, therefore, are not includible in the term "equity-invested capital" for excess profits tax purposes.

(2) That Congress, in enacting Sec. 115 (*l*), intended to approve an administrative definition of "earnings and profits" in determining the source of dividend distribution under 115(a) and that such long-standing definition should be applied in computing

"earnings and profits" in determining equity-invested capital under 'Sec. 718 (a) (4).

(3) That Sec. 115(*l*) makes "recognition" in computing net income the test, and that income that is returned under the install-ment sales statute (44(a) and (b)) is so "recognized", but that the uncollected prof-its on these installment sales which are merely shown in the income tax return as "Unrealized Profit Installment Sales" are not included in the income tax return and hence they are not "recognized" so as to be includible in earnings and profits.

(4) That Sec. 19.115-3 of Regulations 103 expressly provided that uncollected profits shall not be included in "earnings and prof-its", and that the Taxpayer's attack on the definition of earnings and profits that makes "recognition" instead of "realization" the test will not result in the regulation being stricken down unless it is clearly erroneous and unreasonable.

The Taxpayer insists that income tax consequences accrue upon the realization of income rather than upon its recognition, and that under the installment plan of in-come tax reporting, which the statute gives it the right to adopt, there was no actual realization of the income on the unpaid balances on the installment sales such as made it appropriate to return the same, but that said unpaid balances on such install-ment contracts were "accumulated earnings and profits as of the beginning of such taxable year" within the language and pur-pose of Sec. 718(a) (4).

If the Taxpayer had returned and paid the profits that accrued on each sale in the year in which such sale was made, the Com-missioner would not contend that the ac-cumulated earnings and profits represented in the unpaid installments would not then have been includible in equity-invested capital for excess profits tax purposes. He would, however, deny to the seller of property on the installment plan, who makes his income tax return according to the optional method that Congress has allowed in 44(b), the right to recognize in his in-come tax return the unrealized earnings and profits thus accumulated and accrued on its books and to take credit therefor as equity-invested capital in his excess profits tax return.

The Tax Court held with the Commis-sioner, citing in support of its holdings its own opinion in Kimbrell's Home Furnish-ings, Inc., v. Commissioner, 7 T.C. 339, which case was subsequently reversed by the Circuit Court of Appeals for the Fourth Circuit in an opinion reported at 159 F.2d 608.

Definitely there were accumulated as a legitimate part of the corporation's sur-plus earnings·and profits as of the begin-ning of the taxable year which would have been taxable (or recognized) as gains had it not been for the option given the Tax-payer under Sec. 44(b) to defer income tax payments on profits from installment sales until the time of their realization.

It is believed that if Congress had in-tended to restrict the earnings and profits includible in·equity-invested capital to those earnings and profits· on which the corpora-tion had in the taxable year paid income taxes, and also had intended to burden the option it had given in 44(b) by excluding profits from installment sales from being characterized as "accumulated earnings and profits" under Sec. 718(a) (4), it would have said so in plain words so that the Com-missioner would not be called upon to re-sort to an argument so tenuous that it is necessary to pull in Sec. 115(*l*), 501(a), and 111(d) to prove that Sec. 718(a) (4) does not mean what it says.

The question has already been decided by this Court in Commissioner v. Shenan-doah Company, 5 Cir., 138 F.2d 792, con-trary to the contentions of the Commission-er, and we think the holdings announced in that case, which were approved by the Fourth Circuit in the Kimbrell case, supra, were correct and are controlling in the present case.

In our view the decision of the Tax Court is not in accordance with law, and the same is hereby reversed.

HOLMES, Circuit Judge (dissenting).

I would affirm the decision of the Tax Court, since it seems to me that the deci-sion of this court in Commissioner v. Shenandoah Company, 5 Cir., 138 F.2d 792, has in principle been overruled by Com-missioner v. Wheeler, 324 U.S. 542, 65 S.Ct. 1182, 89 L.Ed. 2004.