## BUSCH'S KREDIT JEWELRY CO., Inc. v. COMMISSIONER OF INTERNAL REVENUE.

No. 35, Docket 21382.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1949.

Decided Jan. 6, 1950.

Edwin H. Friedman, New York City, M. J. Arnd and Robert G. MacAlister, Pittsburgh, Pa., attorneys and counsel for petitioner.

Thereon Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Helen Goodner and Irving I. Axelrad, Special Assistants to the Attorney General, for respondent Commissioner of Internal Revenue; Irving I. Axelrad, Washington, D. C., Counsel.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The taxpayer, Busch's Kredit Jewelry Co., Inc., which is a New York corporation engaged in the retail sale of jewelry and related merchandise, made virtually all of its sales on the installment credit plan. It computed its net income for income tax purposes on the installment basis under Section 44(a) of the Internal Revenue Code, 26 U.S.C.A. § 44(a). That subdivision permits a taxpayer who regularly sells personal property on the installment plan to "return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price."

Busch's Kredit Jewelry Co. elected to exercise the option given it by Section 736 (a) of the Code, 26 U.S.C.A. § 736(a), with respect to its excess profits tax liability. Section 736(a) provides as follows:

"(a) *Election to accrue income.* In the case of any taxpayer computing income

from installment sales under the method provided by section 44(a), * * * it may elect, * * * for the purposes of the [excess profits] tax to compute, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44(a). * * *"

The taxpayer computed its adjusted excess profits net income by the invested capital method by which there is deducted from excess profits net income an excess profits credit of 8% of the invested capital. Int. Rev. Code, §§ 712, 714, 26 U.S.C.A. §§ 712, 714. Taxpayer claims that the accrued profits on its installment sales made after December 31, 1939, were a part of its accumulated earnings and profits includible in its invested capital under Section 718(a) (4), 26 U.S.C.A. § 718(a) (4), upon which the 8% credit should be computed. The Commissioner and the Tax Court however held that the 8% could only be computed upon cash receipts figured under the provisions of Section 44(a). Their position in this respect is principally based upon Treasury Regulations 112, § 35.736 (a)-2 which among other things provides that: "If the taxpayer uses the excess profits credit based on invested capital pursuant to section 714, the determination of accumulated earnings and profits shall be made without regard to any adjustment resulting from election made under section 736(a) and this section, except as such election is reflected in the amount of income tax or excess profits tax payable for taxable years beginning after December 31, 1939."

Under this regulation the Commissioner refused to permit the taxpayer to include in its accumulated earnings and profits uncollected profits on installment sales made after December 31, 1939, and determined the tax deficiencies against Busch's Kredit Jewelry Co. which are in issue on this appeal.

The Tax Court differed with the decision rendered by the Court of Appeals for the Fourth Circuit in Kimbrell's Home Furnishings, Inc. v. Commissioner, 159 F.2d 608. In that case, as in the case at bar, the taxpayer had elected to report income for excess profits tax on an accrual basis. The Fourth Circuit allowed the equity invested capital also to be reported on the accrual basis for the purpose of computing the 8% credit. While the Commissioner did not seek to review the decision of the Fourth Circuit by petitioning for a writ of certiorari he now argues that the opinion by Justice Black in Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831, whereby a decision of the Fifth Circuit reported at 162 F.2d 866 was reversed, shows that the decision of the Fourth Circuit in Kimbrell's Furnishings, Inc. v. Commissioner, supra, was erroneous. We cannot regard the contention of the Commissioner as sound. The case before the Supreme Court was one where net earnings had been reported on an installment basis for the excess profits tax as well as for the regular income tax, whereas the 8% credit was claimed on equity invested capital computed on an accrual basis. In rejecting such a "hybrid method" of accounting, Mr. Justice Black said: "[The applicable regulation] is in harmony with the long-established congressional policy that a taxpayer generally cannot compute income taxes by reporting annual income on a cash basis and deductions on an accrual basis. Such a practice has been uniformly held inadmissible because it results in a distorted picture which makes a tax return fail truly to reflect net income. This has been the construction given income, estate, and previous excess profits tax laws by administrative officials, the Board of Tax Appeals, and the courts." 333 U.S. at pages 501, 504, 68 S.Ct. at page 698.

In our opinion the method of accounting required by the Commissioner in the case at bar would be just such a "hybrid method" of accounting as was held improper by the Supreme Court. It seems to us quite unnatural to report equity invested capital for the excess profits tax credit on a cash basis. Yet this is exactly what the Commissioner holds to be necessary.

■ The words of Mr. Justice Black, 333 U.S. at page 501, 68 S.Ct. at page 698 of his opinion in the South Texas case, to the effect that Treasury Regulations should not be overruled "unless unreasonable and plainly inconsistent with the revenue statutes", would not seem to sustain the regulation before us. While the statement enunciates a familiar rule, we think it has no application to the case at bar for the reason that Regulation 112, § 35.736(a)-2, if applied to the facts before us would fly in the face of the natural and reasonable meaning of Section 736(a) of the Code. We agree with the result reached by the Fourth Circuit in Kimbrell's Home Furnishings, Inc. v. Commissioner, supra. The argument of Judge Soper, which seems to us convincing, was as follows:

"It is clear that the purpose of the statute was to place installment sellers on an equal footing with other taxpayers on an accrual basis, so far as the determination of the excess profits tax is concerned. The accumulated earnings and profits of a taxpayer on an ordinary accrual basis undoubtedly include the uncollected profits contained in its accounts receivable; and the accumulated earnings and profits of a taxpayer on the installment basis who complies with Section 736 of the Code should be similarly treated. Indeed the Commissioner has recognized the reality of the accumulated profits in question by subjecting them to the additional excess profits tax which became due when the taxpayer's income in the preceding years was adjusted to an accrual basis. Notwithstanding this ruling, the Commissioner now refuses to recognize the profits so taxed as part of the taxpayer's equity invested capital and thereby places this taxpayer and all others similarly situated at a disvantage when compared with the ordinary taxpayer who reports his income on an accrual basis. The statute gave the taxpayer the right to report his income on an installment basis for the purpose of the income tax and the right to report his income on an accrual basis for the purpose of the excess profits tax. The Commissioner's action deprives the taxpayer of the full enjoyment of the latter right." 159 F.2d at page 610.

For the foregoing reasons, the judgment of the Tax Court is reversed, and the case remanded for computation of the petitioner's taxes in accordance with this opinion.