## JOHN BREUNER CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 12100.

United States Court of Appeals
Ninth Circuit.
Jan. 25, 1950.

As Amended Feb. 6, 1950.

Louis Janin, Harold E. Haven, San Francisco, Cal., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sumner M. Redstone, Sp. Assts., for respondent.

Before MATHEWS, HEALY and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner seeks reversal of a part of a decision of the Tax Court. The part sought to be reversed holds that there was a deficiency of $44,166.54 in respect of petitioner's excess profits tax [1] for the year ended January 31, 1943. Petitioner contends that, instead of a deficiency of $44,166.54, there was an overpayment of $91,637.06. The question presented is whether petitioner's excess profits tax for the year ended January 31, 1943, was correctly computed by the Tax Court.

In computing that tax, it was necessary to compute petitioner's adjusted excess profits net income for the year ended January 31, 1943.[2] In computing that income, it was necessary to compute petitioner's excess profits credit for each of the years ended January 31, 1941, January 31, 1942, and January 31, 1943.[3] In computing that credit, it was necessary to compute petitioner's equity invested capital for each of the years ended January 31, 1941, January 31, 1942, and January 31, 1943.[4] In computing that capital, it was necessary to compute petitioner's accumulated earnings and profits as of the beginning of each of the years ended January 31, 1941, January 31,

1. The tax imposed by 26 U.S.C.A.Int.Rev. Code, §§ 710–784.
2. See 26 U.S.C.A.Int.Rev.Code, § 710(a).
3. See 26 U.S.C.A.Int.Rev.Code, § 710(b, c).
4. See 26 U.S.C.A.Int.Rev.Code, §§ 711–717.

1942, and January 31, 1943 [5]—years which began February 1, 1940, February 1, 1941, and February 1, 1942, respectively.

Petitioner, a California corporation, incorporated June 10, 1898, was at all pertinent times engaged in the business of selling personal property on the installment plan. It derived profits from such sales. Such profits were income.[6] For income tax purposes, it computed such profits on the basis provided by 26 U.S.C.A.Int.Rev. Code, § 44(a).[7] However, it was entitled to elect, and did elect, in its return for the year ended January 31, 1943, for the purposes of the excess profits tax, to compute such profits on the basis provided by 26 U.S.C.A.Int.Rev.Code, § 736(a).[8]

On February 1, 1940 (the beginning of the year ended January 31, 1941), on February 1, 1941 (the beginning of the year ended January 31, 1942), and on February 1, 1942 (the beginning of the year ended January 31, 1943), profits from installment sales had accrued to petitioner, but remained uncollected. Such accrued profits were as follows: February 1, 1940, $590,-950.06; February 1, 1941, $693,289.38; February 1, 1942, $817,324.02. These amounts were excluded by the Tax Court in computing petitioner's accumulated earnings and profits as of February 1, 1940, February 1, 1941, and February 1, 1942.

Petitioner contends that the $590,950.06 should have been included in computing its accumulated earnings and profits as of February 1, 1940; that the $693,289.38 should have been included in computing its accumulated earnings and profits as of February 1, 1941; and that the $817,324.02 should have been included in computing its accumulated earnings and profits as of February 1, 1942. These contentions are based on § 736(a) and petitioner's election thereunder.

█ The $590,950.06 consisted of profits from installment sales made in a taxable year or years beginning before January 1, 1940. Petitioner's election under § 736(a) did not and could not apply to such profits.[9] Therefore they were properly excluded in computing petitioner's accumulated earnings and profits as of February 1, 1940.

The $693,289.38 consisted partly, if not wholly, of profits from installment sales made in a taxable year beginning after December 31, 1939. Petitioner's election under § 736(a) applied to such profits.[10] Therefore they should have been included in computing petitioner's accumulated earn-

---

5. See 26 U.S.C.A.Int.Rev.Code, § 718(a)(4).

6. See 26 U.S.C.A.Int.Rev.Code, §§ 22(a), 728.

7. Section 44(a) provided: "Under regulations prescribed by the Commissioner [of Internal Revenue] with the approval of the Secretary [of the Treasury], a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price."

8. Section 736(a) provided: "In the case of any taxpayer computing income from installment sales under the method provided by section 44(a), * * * it may elect, in its return for the taxable year, for the purposes of the tax imposed by this subchapter [26 U.S.C.A.Int.Rev. Code, §§ 710–784], to compute, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44(a). Except as hereinafter provided, such election shall be irrevocable when once made and shall apply also to all subsequent taxable years, and the income from installment sales for each taxable year before the first year with respect to which the election is made but beginning after December 31, 1939, shall be adjusted for the purposes of this subchapter to conform to such election. In making such adjustments, no amount shall be included in computing excess profits net income for any excess profits tax taxable year on account of installment sales made in taxable years beginning before January 1, 1940. * * * "

9. See the second and third sentences of § 736(a).

10. See the second and third sentences of § 736(a).

ings and profits as of February 1, 1941.[11]

■ The Tax Court did not determine, nor can we determine from the record here, whether the whole or only a part of the $693,289.38 consisted of profits from installment sales made in a taxable year beginning after December 31, 1939, or if only a part, what part of the $693,289.38 consisted of such profits. These determinations should be made by the Tax Court.

The $817,324.02 consisted partly, if not wholly, of profits from installment sales made in a taxable year or years beginning after December 31, 1939. Petitioner's election under § 736(a) applied to such profits.[12] Therefore they should have been included in computing petitioner's accumulated earnings and profits as of February 1, 1942.[13]

The Tax Court did not determine, nor can we determine from the record here, whether the whole or only a part of the $817,324.02 consisted of profits from installment sales made in a taxable year or years beginning after December 31, 1939, or, if only a part, what part of the $817,324.02 consisted of such profits. These determinations should be made by the Tax Court.

■ Respondent contends that no part of the $693,289.38 was includible in computing petitioner's accumulated earnings and profits as of February 1, 1941, and that no part of the $817,324.02 was includible in computing petitioner's accumulated earnings and profits as of February 1, 1942. In support of these contentions, respondent cites Commissioner v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831, and certain provisions of § 29.115-3 of Treasury Regulations 111 and §§ 35.718-2 and 35.736(a)-2 of Treasury Regulations 112.[14]

Section 736(a) was not involved in the South Texas Lumber Co. case. Hence that case is not in point here. If and in so far as they support respondent's contentions, the cited provisions of § 29.115-3 of Treasury Regulations 111 and §§ 35.718-2 and 35.736(a)-2 of Treasury Regulations 112 are inconsistent with § 736(a) and hence are invalid.[15]

Because of the exclusion of profits which should have been included, the Tax Court's computation of petitioner's accumulated earnings and profits as of February 1, 1941, and its computation of petitioner's accumulated earnings and profits as of February 1, 1942, were incorrect. Consequently its computation of petitioner's excess profits tax for the year ended January 31, 1943, was also incorrect.

That part of the decision which holds that there was a deficiency of $44,166.54 in respect of petitioner's excess profits tax for the year ended January 31, 1943, is reversed, and the case is remanded for further proceedings in conformity with this opinion.

11. Kimbrell's Home Furnishings v. Commissioner, 4 Cir., 159 F.2d 608; Busch's Kredit Jewelry Co. v. Commissioner, 2 Cir., 1950, 179 F.2d 298.

12. See the second and third sentences of § 736(a).

13. See cases cited in footnote 11.

14. The cited provisions are as follows:
   "Sec. 29.115-3. * * * a corporation computing income on the installment basis as provided in section 44 [26 U.S.C. A.Int.Rev.Code, § 44] shall, with respect to the installment transactions, compute earnings and profits on such basis; * * *"
   "Sec. 35.718-2. * * * In general, the concept of 'accumulated earnings and profits' for the purpose of the excess profits tax is the same as for the purpose of the income tax. * * *"
   "Sec. 35.736(a)-2. * * * If the taxpayer uses the excess profits credit based on invested capital pursuant to section 714 [26 U.S.C.A.Int.Rev.Code, § 714], the determination of accumulated earnings and profits shall be made without regard to any adjustment resulting from election made under section 736(a) and this section, except as such election is reflected in the amount of income tax or excess profits tax payable for taxable years beginning after December 31, 1939. * * *"

15. See cases cited in footnote 11.